PROB 12C
(6/16)

Report Date: February 7, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 07, 2022**

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Harry Anthony Williams                Case Number: 0980 2:18CR00217-RMP-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U. S. District Judge

Date of Original Sentence: February 13, 2020

| | | | |
|---|---|---|---|
| Original Offense: | Escape From Federal Custody, 18 U.S.C. §§ 751(a), 4082(a) | | |
| Original Sentence: | Prison - 7 months; TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Earl Allan Hicks | Date Supervision Commenced: | September 8, 2020 |
| Defense Attorney: | Payton B. Martinez | Date Supervision Expires: | September 7, 2023 |

### PETITIONING THE COURT

To **issue a WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 08/04/2021.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.   If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| | **Supporting Evidence**: On December 23, 2021, Harry Williams allegedly violated standard condition number 5 by failing to notify the probation officer of a change in his employment. |
| | On September 15, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Williams, as outlined in the judgment and sentence.  He signed a copy acknowledging the requirements. |
| | On February 3, 2022, the undersigned attempted to make contact with Mr. Williams at the Pacific Northwest Adult and Teen Challenge (ATC) program.  Staff informed this officer |

Prob12C
Re: Williams, Harry Anthony
February 7, 2022
Page 2

that in December 2021, the offender had damaged a vehicle at the Dealers Auto Auction Northwest, where he was employed. Despite the damage, Mr. Williams was able to maintain his employment after speaking with his supervisor.

Shortly thereafter, on December 23, 2021, the offender damaged a second vehicle; in this instance, the damage was much more significant almost tearing off the vehicle's bumper. Mr. Williams employment was subsequently terminated.

Program staff further advised that the offender was subject to random urinalysis as a result of his car accident and subsequent termination, but he departed from the facility before he could be tested.

As of this date, Mr. Williams has failed to contact the undersigned officer to advise of a change in his employment, and his whereabouts are currently unknown.

4   **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On December 23, 2021, Harry Williams allegedly violated standard condition number 5 by failing to notify the probation officer of a change in his residence.

On September 15, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Williams, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On February 3, 2022, the undersigned attempted to make contact with Mr. Williams at the ATC program, where he is approved to reside, but was unsuccessful. Staff subsequently informed this officer that the offender had departed from their facility on December 23, 2021, after being notified that he would face a 2-week sanction for being terminated from his employment.

As of this date, Mr. Williams has failed to contact the undersigned officer to advise of a change in his residence, and his whereabouts are currently unknown.

5   **Special Condition #3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On December 23, 2021, Harry Williams allegedly violated special condition number 17 by failing to engage in his approved substance abuse treatment program with the ATC program.

Prob12C
Re: Williams, Harry Anthony
February 7, 2022
Page 3

On September 15, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Williams, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On February 3, 2022, the undersigned attempted to make contact with Mr. Williams at the ATC program, where he was engaged in an intensive addiction recovery program. Staff informed this officer that although he had progressed much, on December 23, 2021, the offender departed from their facility. Since that date, the individual under supervision had not contacted program staff or engaged in any treatment services.

On that same date, February 3, 2022, this officer attempted to contact the offender, but was unsuccessful. As of this date, Mr. Williams has failed to contact the undersigned officer to advise of a change in his treatment program, and his whereabouts are currently unknown.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court **issue a WARRANT**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 02/07/2022

s/Amber M. K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[x]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

2/7/2022
Date